# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROGER PAUL PARSONS,**

    **Petitioner,**

    v.                          **CIVIL ACTION NO. 2:04CV24**
                                                **(Judge Maxwell)**

**WILLIAM S. HAINES, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On March 19, 2004, the petitioner, Roger Paul Parsons, by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. By Order entered on July 21, 2004, the Court Ordered the respondent to answer the petition. On August 16, 2004, the respondent filed Respondent's Motion to Dismiss Petition as Insufficiently Pled and Memorandum in Support Thereof. The petitioner did not file any reply to the Motion to Dismiss.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

### II. PROCEDURAL HISTORY

**A. Conviction and Sentence**

On January 26, 2000, the petitioner was convicted by a jury for the Circuit Court of Kanawha County, of 21 counts of third degree sexual assault. On August 15, 2001, the petitioner was

sentenced to an indeterminate term of five to fifty years imprisonment.

**B. Appeal**

The petitioner filed a direct appeal from his conviction and sentence with the West Virginia Supreme Court of Appeals. On appeal, the petitioner raised the following grounds:

(1) The trial court prevented Mr. Parsons from presenting a meaningful, complete defense to the charges by misinterpreting and misapplying W.Va. Code, Chapter 61, Article 8B, Section 11. This ruling prevented Mr. Parsons from offering his version of events which others testified to.

(2) The trial court improperly denied production and review of psychiatric, psychological and therapy records of those who accused him of sexual crimes.

(3) The Special Prosecutor improperly withheld exculpatory evidence which existed in the form of a therapist letter written in 1993 which refers to Mrs. Uhl's symptoms of an "inability to recall . . . for many years." Further, that report contained a 1993 letter from Mrs. Uhl which was not provided either as exculpatory evidence or under Rule 26.2 of W.Va. R. Cr. Proc.

(4) The trial court abused its discretion in permitting the trial to be more about 404(b) collateral acts than the 21 charges at issue and which were remote in time.

(5) The trial court improperly denied a motion to recuse after it was discovered that he had spoken to an accuser and her ex-husband who approached him in a lounge area of a local restaurant.

(6) The trial court committed prejudicial error in its voir dire rulings, both in denying Mr. Parson's challenges and in granting the States's challenges.

(7) The trial court misinterpreted W.Va. Code, Chapter 52, Article I, Section 23 which precludes a juror's service at more than one term of court in any two-year period.

(8) The trial court improperly interpreted the decision of <u>State ex rel. Leonard v. Hey</u>, 269 S.E. 2d 394 (1980) regarding delays in prosecution.

(9) The trial court further erred in denying access to the special grand jury's instructions in allowing an appointment of a special prosecutor which fails to conform to W.Va. Code, Chapter 7, Article 4, Section 6 and in denying

Defense jury instructions number 2 and 5.

By decision dated June 27, 2003, the West Virginia Supreme Court of Appeals affirmed the petitioner's conviction and sentence. The petitioner did not file a petition for Writ of Certiorari in the United States Supreme Court.

C. **State Post-Conviction Proceedings**

The petitioner did not file a petition for habeas corpus in state court.

D. **Federal Petition for Habeas Corpus**

The petitioner raises the following grounds in his §2254 motion:

(1) The trial court improperly determined that the "rape shield" statute precluded defense evidence of a long-term relationship which existed between Mr. Parsons and the alleged victim during which marriage was discussed. That evidence was central to the presentation of the defense in that the accused asserted and the evidence confirmed that the alleged victim had re-approached him after their relations ended. Further, the State argued that the victim's ability to recall details about Mr. Parsons' home corroborated her account of sex before age 16; however, the excluded evidence of a relationship long after age 16 would reasonably explain the ability to recall details of Mr. Parsons' home.

(2) The trial court improperly excluded access to evidence contained in the accusers' psychiatric, psychological and/or therapist records. The trial evidence revealed the existence of voluminous records of such treatment, however, the pre-trial and renewed motions to review the same were denied. After trial the primary accuser's records both in the form of her letters to the Court and a therapist report contained multiple references to "repressed memories" and the "inability to recall events for many years" which should have been available to the defense and to the jury.

(3) The State's representation and the trial court denied access to the foregoing reports which were clearly exculpatory in character. At all times they were possessed by the State and known to the Court. Appropriate pre-trial motions for the same were made and denied.

(4) The majority of the trial consisted of evidence of collateral crimes. Consequently, such "other crimes" evidence said to occur at times

unconnected with the trial charges were both excessive and abusive such that is constitutes the "shotgunning" of charges.

(5) The indictment which was returned on August 30, 1996, contained charges from times as early as 1959 when Mr. Parsons was still a juvenile and no later than 1980.

(6) The trial judge and prior judge sitting in the Parsons case admittedly engaged in *ex parte* conversations and written communication with alleged victims which went undetected by the accused until after the trial when these documents appeared in the probation reports.

(7) The trial judge allowed disqualified and biased jurors to remain on the panel in spite of proper objections as to their fairness and qualifications

According to t he petitioner, "the foregoing constitute whole and pervasive violations of Mr. Parsons' constitutional rights as the same are secured by the Fifth, Sixth, and Fourteenth Amendments tot he United States Constitution."

The respondent asserts that the petition should be dismissed because none of the claims are sufficiently pled.

## III. ANALYSIS

### A. Standard of Review

28 U.S.C. §2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).

However, the federal court may not grant habeas relief unless the state court's adjudication

of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the State court proceeding.

28 U.S.C. §2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830(2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

"An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

5

Even if the state court's determination that there is no constitutional error was "contrary to" or "an unreasonable application of" Supreme Court precedent, habeas corpus relief is not warranted unless the error had a "'substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.' §28 U.S.C. 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433 (4th Cir. 2003).

**B. The Petitioner has Insufficiently Pled All Grounds Except Ground One**

Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). The petition must "set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts. "[N]otice pleading is not sufficient [in federal habeas corpus], for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977). The petitioner must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F. 2d 1125 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F. 3d 255 (4th Cir. 1999).

In Ground One, the petitioner alleges as follows:

The trial court improperly determined that the "rape shield" statute precluded defense evidence of a long-term relationship which existed between Mr. Parsons and the alleged victim during which marriage was discussed. That evidence was central to the presentation of the defense in that the accused asserted and the evidence

6

confirmed that the alleged victim had re-approached him after their relations ended. Further, the State argued that the victim's ability to recall details about Mr. Parsons' home corroborated her account of sex before age 16; however, the excluded evidence of a relationship long after age 16 would reasonably explain the ability to recall details of Mr. Parsons' home.

The undersigned finds that there are enough facts in Ground One to deem the ground sufficiently pled. In the following section, the undersigned will consider whether the decision by the West Virginia Supreme Court of Appeals was contrary to or an unreasonable determination of federal law.

In Ground Two, the petitioner asserts that the trial court improperly excluded access to evidence contained in the accuser's psychiatric, psychological and /or therapist records; and in Ground Four, the petitioner asserts that evidence of other collateral crimes was inappropriately admitted.

Absent "circumstances impugning fundamental fairness or infringing specific constitutional protections," admissibility of evidence does not present a federal question. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). "The trial court's consideration of the probative value versus the prejudicial effect of particular pieces of evidence, absent extraordinary circumstances, will not be disturbed." Beasley v. Holland, 649 F.Supp. 561, 565 (S.D.W.Va.1986) (citing United States v. MacDonald, 688 F.2d 224 (4th Cir.1982). "[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must 'tread gingerly' and exercise 'considerable self-restraint.'" Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002)(quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir.1990)).

The petitioner, who is represented, has failed to argue how the denial of his evidence and the admission of the contested evidence violated his constitutional rights or impugned the

fundamental fairness of the trial. Moreover, the petitioner, who is represented by counsel, failed to file a reply to the respondent's motion to dismiss. Based on the §2254 petition, the undersigned finds that Grounds Two and Four are insufficiently pled.

In Ground Three, the petitioner alleges that the State and the trial court denied him access to exculpatory evidence. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. To prove a Brady violation, a defendant must demonstrate that undisclosed evidence was: (1) favorable to the accused, (2) suppressed by the state, and (3) prejudice ensued. Strickler v. Greene, 527 U.S. 263, 281-282 (1999). "[A] constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." United States v. Bagley, 473 U.S. 667, 678 (1985). The petitioner has not sufficiently pled his claim to allege a Brady violation.

In Ground Five, the petitioner makes an allegation regarding the return of the indictment but does not indicate how his constitutional rights were violated and it is not for this Court to guess what the petitioner's claim may be.

In Ground Six, the petitioner alleges as follows:

The trial judge and prior judge sitting in the Parsons case admittedly engaged in *ex parte* conversations and written communication with alleged victims which went undetected by the accused until after the trial when these documents appeared in the probation reports.

"In determining the prejudicial effect of a judge's conduct or comments, the court must balance the nature and seriousness of the alleged misconduct against the context in which it occurred

to determine whether the conduct or comments 'adversely affected the overall fairness of the trial.'" Ryan v. Clarke, 281 F.Supp.2d 1008, 1067 (D.Neb.2003)(internal citations omitted). "A petitioner claiming that a judge's bias deprived him of a fair trial faces a difficult task . . . a federal court will not lightly intervene when such a claim is asserted." Gayle v. Scully, 779 F.2d 802, 806 (2d Cir.1985), cert. denied, 479 U.S. 838 (1986). A "petitioner must demonstrate not merely that the judge's conduct was 'undesireable' or even 'universally condemned,' but he must show that it 'violated some right guaranteed to the defendant by the Fourteenth Amendment.'" Minor v. Harris, 556 F.Supp. 1371, 1378 (S.D. N.Y. 1983) (quoting Cupp v. Naughten, 414 U.S. 141, 146 (1973)).

The undersigned finds that this claim is insufficiently pled. The petitioner, who is represented by counsel, does not provide any facts whatsoever to support his claim of improper communication between the trial judge and prior judge and alleged victims. The petitioner's attorney should have known this claim was insufficiently pled given that the respondent filed a motion to dismiss in which it alleged that all of the petitioner's claims were insufficiently pled. The petitioner made no response whatsoever to the Motion to Dismiss. The petitioner's failure to provide any supporting facts leaves this Court in the dark as to when the conversations and written communications occurred, the nature of such conversations and written communications, and what impact, if any, these alleged conversations and written communications had on the petitioner's trial. The Court may not rewrite a petition to include claims that were never presented. See Barnett v. Hargett, 174 F.3d 1128,1133 (10th Cir. 1999). Nor can the Court construct the petitioner's legal arguments for him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

In Ground Seven, the petitioner alleges that the judge allowed disqualified and biased jurors to remain on the panel. This claim is insufficiently pled. He provides absolutely no facts to support his contention.

Consequently, the undersigned finds that the all of the petitioner's grounds, except Ground One, are insufficiently pled and should be dismissed.

## C. <u>Ground One</u>

The petitioner argued before the West Virginia Supreme Court that the trial court erred when it ruled that W.Va. Code §61-B-11 (1996) prohibited the admission of any evidence of a consensual sexual relationship between he and the victim after she turned the age of 16. The petitioner argued "that the existence of such a consensual relationship would explain why C.S. knew certain things about the interior of Mr. Parsons' house and could explain why C.S. complained to authorities, i.e, because she was unhappy that the relationship had ended."  <u>State v. Parsons</u>, 589 S.E.2d 226,233 (W.Va.2003).

In ruling on this issue, the West Virginia Supreme Court stated as follows:

As the State observed, an underage victim's consent cannot technically be at issue, because the law deems the underaged victim utterly incapable of consent. Thus it logically follows that evidence of *prior,* allegedly consensual acts would be of no help to a defendant (since the victim would have been even younger), and should be excluded. However, Mr. Parsons, who denied any pre-16 sexual contact, claims that he should have been permitted to argue that *later* consensual acts occurred with C.S. *after* she turned 16, and that it is because of this post-16 consensual relationship that C.S. knew certain things about Mr. Parsons, his house, his cars, and other information. While it is true that the trial court excluded the majority of the evidence that Mr. Parsons wished to introduce, we note that the court did allow Mr. Parsons to testify that he and the minister discussed the possibility of Mr. Parsons and C.S. getting married. Mr. Parsons also testified that C.S. was in his home at some point when his ex-wife or children were present when C.S. was no longer in junior high. He testified that C.S. visited him at his office in 1989 or 1990, when she would have been 25 or 26 and married, to ask him for money for therapy she was undergoing. He testified that during this visit she told him that she was having problems with her sex life with

> her husband. Finally he testified that she called him in 1992, when she would have been 27 or 28 in order to, in his words "talk about she and I[sic]."
> The Court has described the decisions a judge must make when excluding evidence under our rape shield statute:
> The test used to determine whether a trial court's exclusion of proffered evidence under our rape shield law violated a defendant's due process right to a fair trial is (1) whether that testimony was relevant; (2) whether the probative value of the evidence outweighed its prejudicial effect; and (3) whether the State's compelling interests in excluding the evidence outweighed the defendant's right to present relevant evidence supportive of his or her defense. Under this test, we will reverse a trial court's ruling only if there has been a clear abuse of discretion.
> Syl pt. 6, *State v. Guthrie,* 205 W.Va. 326, 518 S.E.2d 83 (1999). We note that the statute is arguably silent on the very narrow issue raised by Mr. Parsons, and can imagine a case where this logic might be more persuasive. However, we believe in this case that, right or wrong, Mr. Parsons did have an opportunity to introduce evidence on this subject. The court did allow significant testimony on this issue; the jury heard his testimony and was unmoved. In summation, we are unable to say that the court committed "a clear abuse of discretion" in excluding the remainder of the testimony Mr. Parsons wished to offer. Thus we reject this assignment of error.

Id. at 233 - 234.

The undersigned finds that the West Virginia Supreme Court issued a very detailed opinion addressing this issue. The petitioner fails to demonstrate that the state court arrived at a conclusion that was contrary to or an unreasonable application of Supreme Court law. Further, he fails to prove that the state court unreasonably determined the facts when analyzing his claims. For these reasons, the petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254.

## IV.   RECOMMENDATION

It is recommended that the respondent's Motion to Dismiss be GRANTED and that the petition of Roger Paul Parsons filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this

Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[1]

The Clerk of the Court is directed to mail a copy of this Report & Recommendation/Opinion to the petitioner, counsel for the petitioner, and the West Virginia Attorney General.

Dated: April 25, 2005

/s *John S. Kaull*

**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).